■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY TORRES, Appellant. [50 NYS3d 40]—

Judgment, Supreme Court, New York County (Daniel McCullough, J.), rendered April 22, 2013, convicting defendant, after a jury trial, of auto stripping in the second degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and

was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports the inference that defendant was the person who broke the window of the victim's car.

The only one of defendant's challenges to the prosecutor's summation that is even arguably preserved is his claim that the prosecutor mischaracterized certain evidence relating to a car alarm. However, we find that any minor misstatement in this regard was not prejudicial. Defendant's remaining claims regarding the summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The remarks were fair responses to defense counsel's summation arguments and were based on reasonable inferences drawn from the evidence, and there was nothing so egregious as to warrant a new trial (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

There was no mode of proceedings error regarding a note from the deliberating jury requesting to see photographs that had been received in evidence. At the outset of deliberations, the court made the routine and unremarkable statement that the attorneys had consented to the exhibits being delivered to the jury in the attorneys' absence. If defense counsel had disagreed with the court's statement, she had the opportunity to say so, and her silence constituted advance consent, satisfying any requirement of an opportunity to be heard. Moreover, the note requesting photographs came only about 10 minutes later, and it is unclear whether the attorneys had even left the courtroom. In any event, delivery to the jury room of requested exhibits in evidence was ministerial (*see People v Damiano*, 87 NY2d 477, 487 [1996]; *People v Jackson*, 105 AD3d 607, 608 [1st Dept 2013], *lv denied* 21 NY3d 1016 [2013]; *People v Ziegler*, 78 AD3d 545 [1st Dept 2010], *lv denied* 16 NY3d 838 [2011]). Concur—Sweeny, J.P., Renwick, Mazzarelli and Manzanet-Daniels, JJ.